UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE KIRKLIN,
#42989-424,

    Petitioner,                                                Civil Action No. 20-CV-12336

vs.                                                               HON. BERNARD A. FRIEDMAN

JONATHAN HEMINGWAY,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

This matter is before the Court on petitioner Tyrone Kirklin's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Kirklin is a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan. He argues that his mandatory minimum sentence was improperly increased based upon a fact that was not submitted to the jury and that he is actually innocent of the sentencing enhancement for aiding and abetting the brandishing of a firearm under 18 U.S.C. § 924(c)(1)(A).

Rule 4 of the Rules Governing Section 2254 Cases provides that the Court shall promptly examine a petition to determine "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." If the Court determines that petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 Cases may be applied to petitions not filed under § 2254 at the discretion of the Court. *See* Rule 1(b), Rules

Governing Section 2254 Cases. Having undertaken a Rule 4 review, the Court concludes that the petition should be dismissed.

**I.      Background**

Following a jury trial in the United States District Court for the Northern District of Illinois, Kirklin was convicted of aiding and abetting an armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and aiding and abetting the use and carrying of a firearm during and in relation to that robbery in violation of § 924(c). He was sentenced to a total of 171 months' imprisonment, which included a seven-year sentence for the § 924(c) conviction based on the fact that Kirklin's accomplices brandished firearms during the robbery. *See* Section 924(c)(1)(A)(ii).

Kirklin filed an appeal with the Seventh Circuit. He challenged his convictions on the grounds that the district court inadequately instructed the jury as to aiding and abetting, and that the seven-year mandatory minimum under § 924(c)(1)(A)(ii) should not have been imposed because the question whether his accomplices brandished firearms was not submitted to the jury. The Seventh Circuit affirmed Kirklin's convictions and sentence. *United States v. Kirklin*, 727 F.3d 711 (7th Cir. 2013).

On October 26, 2015, Kirklin filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the Northern District of Illinois. That court dismissed the motion. *United States v. Kirklin*, No. 15-9537, 2016 WL 2644887 (N.D. Ill. May 10, 2016). The Seventh Circuit affirmed the district court's decision. *Kirklin v. United States*, 883 F.3d 993 (7th Cir. 2018).

Kirklin then filed the instant habeas petition in which he raises this claim: "Does the voidance of a material essential element with respect to jury instructions give rise to a structural

error effectuating [sic] the substantial rights of the defendant?" (ECF No. 1, PageID.12.)

## II. Discussion

Kirklin argues that a structural error occurred when the district court imposed an enhanced sentence under § 924(c)(1)(A)(ii) without requiring the jury to determine whether a firearm was brandished during the robbery. He further argues that he should not be subject to the brandishing enhancement because no reasonable jury would have found that element satisfied beyond a reasonable doubt.

This petition is not properly filed under § 2241. The proper avenue for relief for a federal prisoner who claims that his conviction and sentence were imposed in violation of the federal constitution or federal law is a motion to vacate or correct sentence under § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A federal prisoner may bring a claim challenging his conviction or sentence under § 2241 only if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999) (quoting *United States v. Hayman*, 342 U.S. 205, 223 (1952)). Habeas corpus is not an "additional, alternative, or supplemental remedy" to the motion to vacate, set aside, or correct the sentence. *Id.* at 758. Because Kirklin challenges his conviction and his sentence, his claims are only proper if filed pursuant to § 2255, unless he can show that a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." Section 2255(e).

"The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with petitioner, and the fact that prior § 2255 actions have proved unsuccessful does not necessarily meet that burden." *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is "not considered inadequate or ineffective simply because § 2255 relief may

be or has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citations omitted). The Sixth Circuit has determined § 2255 to be an ineffective or inadequate remedy only when a petition states a facially valid claim for actual innocence. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir.2003). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Martin v. Perez*, 319 F.3d 799, 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Kirklin argues that he should be permitted to proceed under § 2241 through the savings clause because he is actually innocent of aiding and abetting the brandishing of a firearm. To show actual innocence based upon an intervening change in the law, petitioner must demonstrate:

> (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Kirklin asserts that the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), render him innocent of the brandishing factor. Kirklin, however, cannot show that he did not have time to incorporate these decisions in prior motions because he raised this claim in his unsuccessful appeal to the Seventh Circuit. *See United States v. Kirklin*, 727 F.3d 711, 719 (7th Cir. 2013). His actual innocence argument is also unpersuasive because the Seventh Circuit characterized the evidence that Kirklin's accomplices brandished a firearm as "overwhelming" and held it was "highly unlikely" that a jury would have reached a different result had it been asked to determine the brandishing factor. *Id.* at

718-19.

For these reasons, Kirklin fails to demonstrate that § 2255 is an inadequate or ineffective avenue by which he may challenge his conviction or sentence. Therefore, his petition under § 2241 must be dismissed.

**IV. Conclusion**

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus in this matter is dismissed.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis, as any appeal in this matter would be frivolous.

s/Bernard A. Friedman
Bernard A. Friedman
Dated: October 30, 2020    Senior United States District Judge
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 30, 2020.

Tyrone Kirklin, 42989-424
Milan Federal Correctional Institution
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160

s/Johnetta M. Curry-Williams
Case Manager